**Mark DURBIN, Plaintiff—Appellant,**

v.

**Judge DUBUQUE, individually and in her official capacity as Judge of the Superior Court of the State of Washington for King County; et al., Defendants—Appellees.**

No. 08–35811.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 14, 2009.*

Filed Oct. 13, 2009.

Mark Durbin, Seattle, WA, pro se.

John C. Dittman, Assistant Attorney General, Office of the Washington Attorney General, Olympia, WA, Defendants–Appellees.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.

R.App. P. 34(a)(2).

Before: SILVERMAN, RAWLINSON, and CLIFTON, Circuit Judges.

### MEMORANDUM **

Mark Durbin appeals pro se from the district court's judgment dismissing his 42 U.S.C. § 1983 action seeking relief from state court decisions. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Noel v. Hall,* 341 F.3d 1148, 1154 (9th Cir.2003). We affirm in part, vacate in part, and remand.

The district court properly concluded that the *Rooker–Feldman* doctrine barred Durbin's action because the action is a "forbidden de facto appeal" of state court decisions, and raises constitutional claims that are "inextricably intertwined" with those prior state court decisions. *See id.* at 1158; *Bianchi v. Rylaarsdam,* 334 F.3d 895, 900 n. 4 (9th Cir.2003) (explaining that constitutional claims are barred under the *Rooker–Feldman* doctrine if the claims are "inextricably intertwined" with a state court decision, even if they do not directly challenge the decision).

Durbin's remaining contentions are unavailing.

A dismissal under the *Rooker–Feldman* doctrine is a dismissal for lack of subject matter jurisdiction, *Kougasian v. TMSL, Inc.,* 359 F.3d 1136, 1139 (9th Cir. 2004), and thus should be without prejudice, *Kelly v. Fleetwood Enters., Inc.,* 377 F.3d 1034, 1036 (9th Cir.2004). Accordingly, we vacate the judgment dismissing the action with prejudice, and remand for en-

try of judgment dismissing the action without prejudice.

The parties shall bear their own costs on appeal.

**AFFIRMED in part, VACATED in part, and REMANDED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.